**FILED**
**Aug 08, 2024**
**03:18 PM(ET)**
TENNESSEE COURT OF
WORKERS' COMPENSATION
CLAIMS



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
### AT KNOXVILLE

| | |
|---|---|
| **KATTREA PINTHANOND,** ) | **Docket No. 2018-03-0035** |
| **Employee,** ) | |
| **v.** ) | **State File No. 20717-2017** |
| **COVENANT HEALTH,** ) | |
| **Employer.** ) | **Judge Lisa A. Lowe** |

---

## COMPENSATION ORDER DENYING BENEFITS
### (*Decision on the Record*)

---

Ms. Pinthanond asked the Court to order Covenant to pay Blue Cross/Blue Shield's lien for past medical expenses after a settlement on her permanent disability benefits. Covenant Health did not respond to the request. For the following reasons, the Court denies Ms. Pinthanond's request.

## History of Claim

On March 15, 2017, Ms. Pinthanond, a registered nurse at Covenant, suffered an allergic asthma attack after being exposed to dust and fumes at work. She suffered pulmonary injuries and received authorized treatment. Later, the parties reached a settlement with open future medical treatment. The agreement contained the following language:

> At the time of settlement, the parties agreed that medical expenses were incurred in the amount of $25,436.23, all of which have been or will be paid by Covenant Health. Ms. Pinthanond showed that she submitted expenses from Dr. Rao and Methodist Medical Center, which were claimed as related, but unpaid. The parties agreed that the charges will be evaluated, and if authorized, will be paid. Additionally, Covenant Health agreed that Dr. Carla Sevin would be designated as the authorized treating provider.

In June 2024, Ms. Pinthanond filed a hearing request seeking a decision on the

1

record for payment of BCBS's lien.[1] She submitted a 2019 letter from BCBS showing its lien totals $14,389.91. She also submitted a BCBS Paid Claims Report.

**Findings of Fact and Conclusions of Law**

Ms. Pinthanond must prove by a preponderance of the evidence that she is entitled to the requested benefits. *Willis v. All Staff*, 2015 TN Wrk. Comp. App. Bd. LEXIS 42, at *18 (Nov. 9, 2015).

An employer shall furnish, free of charge to the employee, "treatment . . . made reasonably necessary" by the work accident. Tenn. Code Ann. § 50-6-204(a)(1)(A) (2023). Here, Ms. Pinthanond offered BCBS's lien amount and claims report. However, she did not provide any evidence to establish that the treatment BCBS paid for was reasonable, necessary, and related to her work injury. *See Eaves v. Ametek, Inc.,* 2018 TN Wrk. Comp. App. Bd. LEXIS 53, at *8-9 (Sept. 14, 2018) (Court erred by ordering repayment of medical expenses when employee "offered no proof that the medical bills or the compilation of medical expenses prepared by her health insurer were reasonable, necessary, or causally-related to the work accident."). Ms. Pinthanond did not meet her burden, so the Court denies her request for payment of BCBS's lien.

Costs of $150.00 are taxed to Covenant, to be paid within five business days after this order becomes final. Unless appealed, this order becomes final in 30 days.

**IT IS ORDERED.**

**ENTERED August 8, 2024.**

_Lisa A. Lowe_____
**JUDGE LISA A. LOWE**
**Court of Workers' Compensation Claims**

---

[1] Ms. Pinthanond filed a request for Expedited Hearing. However, since Expedited Hearings result in interlocutory orders, the Court considers the request as a Compensation Hearing.

## APPENDIX

The Court reviewed the following documents, marked as exhibits for ease of reference:

Exhibits:
1. Petition for Benefit Determination
2. Dispute Resolution Statement
3. Panel of Physicians
4. Medical Records of Ear, Nose & Throat
5. Petition for Benefit Determination, July 3, 2018
6. Mediated Settlement Agreement
7. Petition for Benefit Determination – Settlement Approval Only
8. First Report of Work Injury
9. Wage Statement
10. Medical Records of Dr. Vijoydeep T.V. Rao
11. Statistical Data Form, SD-2
12. Order Approving Workers' Compensation Settlement Agreement
13. Workers' Compensation Settlement Agreement
14. Petition for Benefit Determination, November 9,2023
15. Employer's Disputed Issues
16. Dispute Certification Notice
17. Hearing Request
18. Rule 72 Declaration of Ms. Pinthanond
19. BCBS Correspondence regarding Subrogation Lien
20. BCBS Paid Claims Report
21. Docketing Notice

## CERTIFICATE OF SERVICE

I certify that a copy of the order was sent as indicated on August 8, 2024.

| Name | Mail | Email | Service sent to: |
|---|---|---|---|
| Mandy Hancock, Employee's Attorney | | X | mandy@mandyhancocklaw.com |
| R. Kim Burnette, Employer's Attorney | | X | kburnette@arnettbaker.com |

_Penny Shrum_
**PENNY SHRUM, Court Clerk**
**WC.CourtClerk@tn.gov**



<u>Right to Appeal</u>:

If you disagree with the Court's Order, you may appeal to the Workers' Compensation Appeals Board. To do so, you must:

1. Complete the enclosed form entitled "Notice of Appeal" and file it with the Clerk of the Court of Workers' Compensation Claims before the expiration of the deadline.

   ➢ If the order being appealed is "expedited" (also called "interlocutory"), or if the order does not dispose of the case in its entirety, the notice of appeal *must* be filed *within seven (7) business days* of the date the order was filed.

   ➢ If the order being appealed is a "Compensation Order," or if it resolves all issues in the case, the notice of appeal *must* be filed *within thirty (30) calendar days* of the date the Compensation Order was filed.

   When filing the Notice of Appeal, you must serve a copy on the opposing party (or attorney, if represented).

2. You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing the Notice of Appeal. Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service. In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the filing fee. You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal. **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of your appeal.**

3. You are responsible for ensuring a complete record is presented on appeal. If no court reporter was present at the hearing, you may request from the Court Clerk the audio recording of the hearing for a $25.00 fee. If you choose to submit a transcript as part of your appeal, which the Appeals Board has emphasized is important for a meaningful review of the case, a licensed court reporter must prepare the transcript, and you must file it with the Court Clerk. The Court Clerk will prepare the record for submission to the Appeals Board, and you will receive notice once it has been submitted. For deadlines related to the filing of transcripts, statements of the evidence, and briefs on appeal, see the applicable rules on the Bureau's website at https://www.tn.gov/wcappealsboard. (Click the "Read Rules" button.)

4. After the Workers' Compensation Judge approves the record and the Court Clerk transmits it to the Appeals Board, a docketing notice will be sent to the parties.

   **If neither party timely files an appeal with the Appeals Board, the Court Order becomes enforceable. See Tenn. Code Ann. § 50-6-239(d)(3) (expedited/interlocutory orders) and Tenn. Code Ann. § 50-6-239(c)(7) (compensation orders).**

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*



## NOTICE OF APPEAL

Tennessee Bureau of Workers' Compensation
www.tn.gov/workforce/injuries-at-work/
wc.courtclerk@tn.gov | 1-800-332-2667

**Docket No.:** _____

**State File No.:** _____

**Date of Injury:** _____

_____

**Employee**

v.

_____

**Employer**

Notice is given that _____

*[List name(s) of all appealing party(ies).  Use separate sheet if necessary.]*

appeals the following order(s) of the Tennessee Court of Workers' Compensation Claims to the Workers' Compensation Appeals Board (check one or more applicable boxes and include the date file-stamped on the first page of the order(s) being appealed):

☐ Expedited Hearing Order filed on _____    ☐ Motion Order filed on _____

☐ Compensation Order filed on_____    ☐ Other Order filed on_____

issued by Judge _____.

## Statement of the Issues on Appeal

Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____

_____

_____

_____

## Parties

**Appellant(s) (Requesting Party):** _____  ☐ Employer ☐ Employee

Address: _____  Phone: _____

Email: _____

Attorney's Name: _____  BPR#: _____

Attorney's Email: _____  Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellant \**

Employee Name: _____ Docket No.: _____ Date of Inj.: _____

**Appellee(s)** (Opposing Party): _____ ☐ Employer ☐ Employee

Appellee's Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellee \**

## CERTIFICATE OF SERVICE

I, _____, certify that I have forwarded a true and exact copy of this Notice of Appeal by First Class mail, postage prepaid, or in any manner as described in Tennessee Compilation Rules & Regulations, Chapter 0800-02-21, to all parties and/or their attorneys in this case on this the _____ day of _____, 20 ____.

_____
*[Signature of appellant or attorney for appellant]*



**Tennessee Bureau of Workers' Compensation**
**220 French Landing Drive, I-B**
**Nashville, TN 37243-1002**
**800-332-2667**

### AFFIDAVIT OF INDIGENCY

I, _____, having been duly sworn according to law, make oath that because of my poverty, I am unable to bear the costs of this appeal and request that the filing fee to appeal be waived. The following facts support my poverty.

1. Full Name:_____   2. Address: _____

3. Telephone Number: _____   4. Date of Birth: _____

5. Names and Ages of All Dependents:

_____ Relationship: _____

_____ Relationship: _____

_____ Relationship: _____

_____ Relationship: _____

6. I am employed by: _____

My employer's address is: _____

My employer's phone number is: _____

7. My present monthly household income, after federal income and social security taxes are deducted, is:

$ _____

8. I receive or expect to receive money from the following sources:

| | | | |
|---|---|---|---|
| AFDC | $ _____ | per month | beginning _____ |
| SSI | $ _____ | per month | beginning _____ |
| Retirement | $ _____ | per month | beginning _____ |
| Disability | $ _____ | per month | beginning _____ |
| Unemployment | $ _____ | per month | beginning _____ |
| Worker's Comp. | $ _____ | per month | beginning _____ |
| Other | $ _____ | per month | beginning _____ |

LB-1108 (REV 11/15)                                                                                     RDA 11082

9. My expenses are:

Rent/House Payment $ _____ per month     Medical/Dental $ _____ per month

Groceries     $ _____ per month     Telephone     $ _____ per month

Electricity     $ _____ per month     School Supplies $ _____ per month

Water     $ _____ per month     Clothing     $ _____ per month

Gas     $ _____ per month     Child Care     $ _____ per month

Transportation   $ _____ per month     Child Support   $ _____ per month

Car     $_____ per month

Other     $ _____ per month (describe: _____ )

10. Assets:

Automobile     $ _____     (FMV) _____

Checking/Savings Acct. $ _____

House     $ _____     (FMV) _____

Other     $ _____     Describe:_____

11. My debts are:

| Amount Owed | To Whom |
|---|---|
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |

**I hereby declare under the penalty of perjury that the foregoing answers are true, correct, and complete and that I am financially unable to pay the costs of this appeal.**

_____
APPELLANT

Sworn and subscribed before me, a notary public, this

_____ day of _____, 20_____.

_____
NOTARY PUBLIC

My Commission Expires:_____